IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNIE D. WHITE,

    Plaintiff,

vs.

ILLINOIS DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Case No. 11-cv-543-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's appeals (Docs. 55 & 64) of Magistrate Judge Philip M. Frazier's August 16, 2012, and October 15, 2012 orders (Docs. 53 & 63).

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. Local Rule 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Plaintiff's appeals (Docs. 55 & 64) both appeal Magistrate Judge Frazier's decisions to deny plaintiff's motions for protective orders (Docs. 53 & 63). The subject of both appeals concerns plaintiff's motions for protective orders requesting the Court order prison staff to turn over confiscated legal materials to plaintiff. In both orders, Magistrate Judge Frazier explained that the Court has no authority over persons who are not defendants in this lawsuit. Further, Magistrate Judge Frazier explained that defendant must resolve any disputes with prison staff through the prison's internal dispute resolution system before bringing those disputes to the Court. Plaintiff refers to an order from the Honorable Michael J. Reagan in *White v. Hinsley, et*

*al.*, Case No. 05-cv-594-MJR, Doc. 242, as authority for granting such a protective order. In that order, Judge Reagan found plaintiff's failure to attend a deposition was substantially justified because prison staff withheld plaintiff's legal papers. Judge Reagan, however, did not order prison staff to turn over papers to plaintiff. Accordingly, Judge Reagan's referenced order is inapposite to plaintiff's present motions.

The Court has reviewed Magistrate Judge Frazier's orders denying plaintiff's motions and finds that they are neither clearly erroneous nor contrary to law. Thus, the Court **AFFIRMS** the August 16, 2012, and the October 15, 2012, orders (Doc. 53 & 63) and **OVERRULES** plaintiff's appeals (Doc. 55 & 64).

**IT IS SO ORDERED.**

**DATED:** October 29, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
